Ruffin, C.
 
 J.
 

 It is insisted on the part of Britt, that the decision of the County Court is conclusive, as it belongs to each Court to make amendments, as a matter of discretion, not the subject of revision. That is true in respect of appeals to this Court from such orders in the Superior Court; but it never has been so held as between the County and Superior Court. The distinction is this; that, as a Court of error, which is the character of this Court, it is not competent to it to exercise any discretion, which is necessarily more or less dependent upon evidence and facts, but only to determine whether, in point of law, a decision of the Court below be erroneous or not; whereas, upon appeal from the County to the Superior Court from an order of amendment, the latter Court has all the discretion the former had, and can receive new evidence, and determine upon the propriety" of the amendment, according to the case as made to appear to the Superior Court. It was therefore proper that his Honor should consider of the several motions of the parties. Indeed, it is seen, by what was done in this case, that the decision of the County Court was annulled by the appeal from it, and then Britt was under a necessity to renew his motion in the Superior Court. It follows, of course, that the Court was obliged to consider of its propriety, and might therefore refuse it. Having done so, the decision must stand, even if we, here, thought it ah indiscreet exercise of power: as it has often been decided, that the Supreme Court cannot interpose in such cases. We must say, however, that, as far as an opinion can be
 
 *392
 
 formed from the face of the record and the facts disclosed in the affidavits, onr judgment would entirely concur with that of his Honor, if it were our province to decide the point. The course of the creditor was a gross abuse of the process of attachment, in the first instance ; and the attempt to sustain it in this manner was an equally gross abuse of the power of amendment, exercising it, not to advance justice by a fair trial, but to encourage short cuts to stifle defence.
 

 ■Per Curiam.
 

 Orders affirmed.